MICHAEL S. CHAMBERLIN, SBN 175427
NICHOLAS D. POPER, SBN 293900
VIVIAN Y. SHEN, SBN 315734
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: *mchamberlin@bakerlaw.com*
*npoper@bakerlaw.com*
*vshen@bakerlaw.com*

*Attorneys for Defendant*
SENTINEL TRANSPORTATION, LLC

# UNITED STATES DISTRICT

## CENTRAL DISTRICT OF CALIFORNIA

JOSE VALENCIA, an individual;
BRANDON JEROUE, an individual
and on behalf of others similarly
situated,

        Plaintiffs,

    v.

SENTINEL TRANSPORTATION,
LLC, a Delaware limited liability
company; and DOES 1 through 50,
inclusive,

        Defendants.

Case No.: 2:22-cv-2430

**DEFENDANT SENTINEL
TRANSPORTATION, LLC'S
NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT**

*[Filed concurrently with Civil Case
Cover Sheet; and Certification and
Notice of Interested Parties]*

Action Filed: March 8, 2022

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Sentinel Transportation, LLC ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Barbara.  Defendant appears for the purpose of removal only and for no other purposes whatsoever, and reserves all rights, claims and defenses of any nature whatsoever, including, but not limited to, defenses related to lack of jurisdiction, improper venue and forum, insufficiency of process and service, failure to state a claim and any other pertinent defense available under any rule of civil procedure, any statute, or otherwise.  In support of removal, Defendant states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.    This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2.    This Court is in the judicial district and division embracing the place where the state court action was brought and is pending. Specifically, the United States District Court for the Central District of California embraces Santa Barbara County.  Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

<u>**THE ACTION & TIMELINESS OF REMOVAL**</u>

<u>**PROCEDURAL BACKGROUND**</u>

3.    On or about March 8, 2022, Plaintiffs Jose Valencia and Brandon Jeroue ("Plaintiffs") commenced this action by filing a complaint styled as a class action (the "Complaint") in the Superior Court of California, County of Santa Barbara, entitled *Jose Valencia, et al. v. Sentinel Transportation, LLC*, Case No. 22CV00951 (the "State Court Action").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4.      On March 11, 2022, Defendant was served with a copy of the Summons and Complaint.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Notice is being filed within 30 days of Defendant's receipt of a copy of the Summons and Complaint in the State Court Action. **Exhibit "A"** consists of all process, pleadings, and orders served on Defendant in the State Court Action.

6.      On April 9, 2022, Defendant submitted an Answer to the Complaint for filing in the State Court Action. Defendant's Answer was deemed filed on April 11, 2022.  A true and correct copy of Defendant's Answer in the State Court Action is attached hereto as **Exhibit "B"**.

7.      No other process, pleadings, or orders have been filed, served, or received by Defendant in the State Court Action.

## CAFA JURISDICTION

8.      <u>Basis of Original Jurisdiction</u>.  Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

9.      As set forth below, this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because (1) it is a civil action filed as a class action involving more than 100 putative class members; (2) the amount in controversy exceeds $5,000,000 based on the allegations that Plaintiffs set forth in the Complaint; (3) Plaintiffs and Defendant are citizens of different states; and (4) no Defendant is a state, state official, or government entity.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**DIVERSITY OF CITIZENSHIP**

10.    CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).  In the Ninth Circuit, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

11.    Plaintiffs' Citizenship.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). Residence is prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).  "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*.

12.    Here, as alleged in the Complaint, Plaintiffs worked for Defendant in Santa Barbara, California. (Complaint ¶¶ 7-9, 18.a-b.)  Defendant is informed and believes that Plaintiffs were, at the time of the filing of the action, and still are, residents of the State of California.

13.    Sentinel Transportation, LLC's Citizenship.  The Ninth Circuit has held that the citizenship of a limited liability company for purposes of subject matter jurisdiction on the basis of diversity is determined by the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

of the State or foreign state where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

14.     Defendant Sentinel Transportation, LLC is now and was, at the time this action was commenced, a limited liability company which was formed in Delaware and maintains its principal place of business and headquarters in Wilmington, Delaware. Defendant's sole member and owner is Phillips 66 Company. Phillips 66 Company is a corporation formed in and incorporated under the laws of the State of Delaware. Pursuant to the *Hertz* nerve center test, Phillips 66 Company's principal place of business is in Texas. Phillips 66 Company's corporate headquarters is located at 2331 CityWest Boulevard, Houston, Texas 77042, where the majority of its officers direct, control, and coordinate its corporate activities. Accordingly, for purposes of diversity jurisdiction, Defendant is a citizen of the States of Delaware and Texas.

15.     <u>Doe Defendants</u>.     Although Plaintiffs have also named fictitious defendants "DOES 1 through 50," the presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in the removal petition). Thus, the existence of Doe defendants 1 through 50 does not deprive this Court of jurisdiction.

16.     <u>Minimal Diversity</u>.     Defendant satisfies the minimal diversity of citizenship required of CAFA, inasmuch as Plaintiffs (who are members of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   putative class) are citizens of California and Defendant is a citizen of Delaware and

2   Texas. *See* 28 U.S.C. § 1332(d)(2).

3       17.   <u>Size of the Putative Class</u>.  CAFA provides that the district courts shall

4   not have jurisdiction over actions "where the number of members of all proposed

5   plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

6   Plaintiffs' proposed class includes two subclasses defined as, respectively: (1) "[a]ll

7   current and former non-exempt employees of Defendant in the State of California,

8   who worked as a truck driver, at any time during the period of time from March 8,

9   2018, through the present" ("Driver Class"), and (2) "[a]ll current and former non-

10   exempt employees of Defendant in the State of California who received 'Base Pay,'

11   at any time during the period of March 8, 2021, through the present" ("Wage

12   Statement Class"). (Complaint ¶¶ 18.a-b, 19 at fn. 1.)

13       18.   During the time period from March 8, 2018, through the present ("Class

14   Period"), Defendant employed approximately 314 individuals in California as non-

15   exempt truck drivers.  Therefore, per the allegations in the Complaint, the putative

16   class size is at least 314, without including any additional putative members in the

17   Wage Statement Class.  As such, the size of the putative class exceeds the CAFA

18   jurisdictional threshold.

19   **AMOUNT IN CONTROVERSY UNDER CAFA**

20       19.   Removal is appropriate when it is more likely than not that the amount

21   in controversy exceeds the jurisdictional requirement.   Here, that amount is

22   $5,000,000, in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-

23   40 (9th Cir. 2002).  Plaintiffs do not specifically allege an amount of damages and/or

24   recoverable penalties in the Complaint, nor do they allege that the aggregate amount

25   in controversy is less than $5,000,000.  Therefore, Defendant "need include only a

26   plausible allegation that the amount in controversy exceeds the jurisdictional

27   threshold." *Dart Cherokee*, 574 U.S. at 84 and 94 (holding defendants need not

28   submit "evidence" establishing CAFA jurisdiction in their removal papers; rather,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT SENTINEL TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

20.  Here, Plaintiffs' Complaint pleads causes of action for: (1) failure to reimburse for necessary business expenses on behalf of the Driver Class; (2) unpaid minimum wages, regular wages, overtime wages, and reporting time pay on behalf of the Driver Class, (3) non-compliant wage statements on behalf of both the Driver Class and the Wage Statement Class, and (4) unfair competition pursuant to California Business & Professions Code §§ 17200, *et seq*. on behalf of the Driver Class. (*See generally*, Complaint.)  Plaintiffs' prayer for relief seeks an award of damages, statutory and civil penalties, restitution, declaratory relief, interest, reasonable attorneys' fees and costs, and "such other and further relief as the Court may deem just and proper." (*See* Complaint, Prayer for Relief.)

21.  Without conceding that Plaintiffs or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.[1]

22.  <u>Claim for Failure to Reimburse Business Expenses</u>.  In support of their first cause of action for failure to reimburse necessary business expenses, Plaintiffs allege that Defendant had a "uniform corporate pattern and practice and procedure" in violation of Labor Code § 2802. (Complaint ¶ 39.)  Specifically, Plaintiffs allege that "Driver Class Members were regularly required to use a personal cellular phone for work-related purposes," including for "submitting time records and communicating with other employees." (*Id.* at ¶¶ 24, 36-37.)  Plaintiffs further allege that Defendant did not reimburse the Driver Class for these costs. (*Id.* at ¶37.)

---

[1] This Notice does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiffs or any members of the purported class.  The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice.

Plaintiffs allege that "[s]uch pattern, practice and uniform administration of corporate policy" is unlawful and entitled Plaintiffs and the Driver Class to damages, interest, penalties, and attorneys' fees and costs pursuant to Labor Code § 2802. (*Id.* at ¶¶ 38-39.)

23.    Although Defendant denies all liability, assuming conservatively, for purposes of this analysis only, that putative members of the Driver Class were not reimbursed for the cost of their personal cell phones or for usage charges during each month worked, and assuming conservatively that these putative class members would reasonably be entitled to 50% of the costs associated with their usage of personal cell phones, the amount in controversy for this claim would be approximately **$403,231** (calculated as: $108.25 average cost of cell phone service per month[2] × 50% for work-related usage × a total of approximately 7,450 months worked by the Driver Class during the Class Period).

24.    <u>Claims for Unpaid Minimum Wages, Overtime, and Reporting Time</u>. In support of their second cause of action, Plaintiffs allege that during the Class Period, "Defendant had a corporate policy, pattern, and practice of failing to pay all earned regular, minimum, and overtime wages to Plaintiffs and Driver Class Members. (Complaint ¶ 43.)  Specifically, Plaintiffs allege that Defendant had a mandatory policy that required putative members of the Driver Class to report to work for the start of their scheduled shifts and wait to be informed if a truck was available. (*Id.*)  According to Plaintiffs, the Driver Class was "not compensated for any of the time spent off-the-clock in connection with reporting to work and waiting to be informed as to whether a truck was available." (*Id.*)  In support of their claim for reporting time pay, Plaintiffs allege that "Defendant also had a corporate policy, pattern, and practice of failing to pay reporting time pay to Plaintiffs and Driver

---

[2] According to the Bureau of Labor Statistics, during the one-year period from 2018 to 2019, the average annual expenditures for cellular phone service in California was $1,299 (or $108.25 per month).

Class Members." (*Id.* at 44.)  Specifically, Plaintiffs allege that, when a truck was not available, Plaintiffs and the Driver Class had their shift canceled and were not furnished with any work or reporting time pay of at least half of the employee's scheduled day's work. (*Id.* at ¶¶ 25, 44.)  Plaintiffs allege that Defendant willfully failed to pay all regular, minimum, overtime wages, and reporting time pay. (*Id.* at ¶ 45.)

25.    Based on the above allegations, Plaintiffs seek to recover unpaid minimum wage, overtime compensation, and reporting time pay, as well as liquidated damages for unpaid minimum wage, waiting time penalties pursuant to California Labor Code § 203, statutory penalties pursuant to California Labor Code § 210, and interest, costs, and attorneys' fees, on behalf of themselves and the Driver Class. (*Id.* at ¶¶ 46-47, p.13 Prayer for Relief, ¶ 5.)

26.    During the Class Period, Defendant employed approximately 314 individuals in California as non-exempt truck drivers.  These 314 putative members of the Driver Class worked a total of approximately 31,530 workweeks (or 156,730 shifts) during the Class Period. During that same time period, the Driver Class typically worked full-time schedules ranging from approximately 40 hours per week up to 60 hours per week.  The average hourly rate of pay among this group during the Class Period is approximately $26.72.

27.    Assuming, for purposes of this Notice only, that the Driver Class worked 1 hour of off-the-clock overtime per workweek, the amount in controversy for Plaintiff's **overtime claim** is approximately **$1,263,722** (calculated as: 1 hour off-the-clock overtime per week × 31,530 weeks × ($26.72 per hour average rate of pay × 1.5 overtime factor)).  This calculation is conservative because it relies on the assumption that employees were not paid for just 1 hour of overtime per week where Plaintiffs' allegations reasonably put every shift worked at issue.

28.    Plaintiffs also seek unpaid minimum wages and liquidated damages on behalf of the Driver Class. Assuming the Driver Class worked approximately 1 hour

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

off the clock per week during the Class Period, the total amount in controversy for only liquidated damages under Plaintiffs' **minimum wage claim** is at least **$346,830** (calculated as: $11 per hour effective minimum wage during the first year of the Class Period × 1 hour unpaid minimum wage per week × 31,530 weeks). This estimated liquidated damage amount is highly conservative given that Defendant's use the lowest minimum wage rate in effect at the start of the Class Period.

29.    Plaintiffs additionally seek reporting time pay of up to 4 hours for each shift that the Driver Class reported to work without being furnished with at least half of their regularly scheduled day's work.  Since the Driver Class typically worked 12-hour shifts, for purposes of calculating the amount in controversy Defendant reasonably assumes that the Driver Class is entitled to 4 hours of reporting time pay for each shift during the Class Period where they reported to work without being furnished with at least half of their regularly scheduled day's work.  Conservatively assuming the Driver Class is entitled to reporting time pay once per month during the Class Period, the amount in controversy on Plaintiffs' **reporting time pay claim** is approximately **$796,256** (calculated as: $26.72 per hour average rate of pay × 4 hours of reporting time pay per occurrence × 7,450 months worked during the Class Period).

30.    <u>Claim for Waiting Time Penalties</u>.  Plaintiffs' second cause of action also seeks statutory penalties under Labor Code § 203 for the failure to pay all wages owed upon separation of employment ("waiting time penalties").  Specifically, Plaintiffs allege that "Defendant's willful failure to pay Plaintiffs and Driver Class Members the wages due and owing to them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages are due." (Complaint ¶ 46.)  The applicable statute of limitations for penalties under Labor Code § 203 is three years. *See Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 967 (N.D. Cal. 2006).

31.    During the applicable limitations period of March 8, 2019, to the present, at least 114 individuals in the Driver Class separated from their employment with Defendant. While these putative class members typically worked 12-hour shifts, for purposes of determining the amount in controversy Defendant conservatively assumes that these 114 separated Driver Class members worked only 10 hours per shift on average. The average hourly rate for these 114 separated Driver Class members was $26.43 per hour.  Accordingly, the amount in controversy for this claim is approximately **$903,906** (calculated as: 114 separated Driver Class members since March 8, 2019 × 10 hours × $26.43 average rate of pay × 30 days). Defendant's assumptions are reasonable in light of the fact that Plaintiffs' waiting time penalties claim piggybacks onto his unpaid wages, unpaid overtime, and unpaid reporting time wages allegations, each of which assert widespread violations. *See Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) ("[a plaintiff's] allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties."); *Mariscal*, 2021 WL 1400892, at *3 (same).

32.    Civil Penalties under Labor Code § 210.  Plaintiffs also seek to recover statutory penalties pursuant to Labor Code § 210 for each pay period in which Defendant failed to pay putative members of the Driver Class all wages due during the Class Period. (Complaint – Prayer for Relief, ¶ 5.)  Labor Code § 210 provides for (1) a $100 statutory penalty for each initial failure to pay each employee, and (2) $200 for each subsequent failure to pay each employee, plus 25 percent of the amount unlawfully withheld. Cal. Lab. Code § 210, subd. (a)-(b).  The applicable statute of limitations for this claim is one year. *See* Cal. Code Civ. Proc. § 340.

33.    During the relevant period from March 8, 2021, to the present, 187 putative members of the Driver Class worked a total of approximately 4,934 pay periods.  Given Plaintiffs' unqualified allegations of widespread failure to pay wages during the Class Period, it is reasonable to assume that the Driver Class is owed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT SENTINEL TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

wages for each pay period during the one-year limitations period. As such, the amount in controversy for this claim is approximately **$1,205,450** (calculated as: (187 initial violation pay periods × $100 initial violation penalty) + (4,747 subsequent violation pay periods × $250 subsequent violation penalty)).

34. <u>Penalties under Labor Code § 558</u>. In addition to the above penalties, Plaintiffs also seek to recover civil penalties under Labor Code § 558 based on Defendant's alleged Labor Code violations discussed above. (Complaint – Prayer for Relief, ¶ 5.) Labor Code § 558 provides for (1) a $50 statutory penalty for each initial pay period per employee, and (2) $100 for each subsequent pay period per employee. Cal. Lab. Code § 558(a)(1)-(a)(2). The applicable statute of limitations period is also one year. *See* Cal. Code Civ. Proc. § 340. Accordingly, the amount in controversy for Plaintiffs' claim for civil penalties under Labor Code § 558 is at least **$484,050** (calculated as: (187 initial violation pay periods × $50 initial violation penalty) + (4,747 subsequent violation pay periods × $100 subsequent violation penalty)).

35. <u>Non-Compliant Wage Statements</u>. Plaintiffs' third cause of action for non-compliant wage statements alleges, *inter alia*, that **Defendant had a "pattern, practice and uniform administration of corporate policy"** of issuing wage statements to the Driver Class that did not comply with Labor Code § 226(a) because they failed to identify the applicable hourly rate of pay and hours worked, and inaccurately reflected the gross and net wages earned. (Complaint ¶¶ 50-53.) Plaintiff alleges that Defendant's failure to comply with Section 226(a) was "knowing and intentional." *Id.* at ¶ 74.

36. Using the total number of pay periods worked by the Driver Class during the applicable one-year statutory period and the statutory penalty claimed of $50 for the initial violation and $100 per pay period for each subsequent violation, the amount in controversy for this claim would be approximately **$484,050** (calculated as: ($50 initial wage statement penalty × 187 initial pay periods) + ($100

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

subsequent wage statement penalty per subsequent pay period), capped at $4,000 per employee).

37.    <u>Attorneys' Fees</u>.    Furthermore, Plaintiffs seek an unspecified amount of attorneys' fees in connection with Plaintiffs' causes of action for unpaid wages, unpaid overtime, and penalties. (Complaint, Prayer For Relief.)  These attorney fees may be included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees...such fees may be included in the amount in controversy"); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (the amount in controversy includes all relief claimed at the time of removal to which Plaintiffs would be entitled if she prevails.).  Additionally, the Ninth Circuit has confirmed that future attorneys' fees must be included in an amount in controversy calculation under CAFA. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

38.    "[I]t is well established the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

39.    Accordingly, for purposes of this removal only, Defendant conservatively assumes that attorneys' fees in this matter would amount to at least 25% of the award of attorneys' fees consisting of 25% of the total alleged unpaid wages and penalties, amounting to **$1,471,874** (calculated as: 25% x $5,887,496).

40.    <u>Total Amount in Controversy</u>.  Based solely on the causes of action considered above, the class-wide amount in controversy, conservatively estimated, is at least **$7,359,370**.  This showing as to the amount in controversy satisfies the standard for removal.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

threshold; the notice need not contain evidentiary submissions." *Dart Cherokee*, 574
U.S. at 84.

41.     A summary of the amount in controversy established with respect to the
four above causes of action is as follows:

| Claim | Amount in Controversy |
|---|---|
| Unreimbursed Business Expenses | $403,231 |
| Unpaid Overtime Wages | $1,263,722 |
| Liquidated Damages for Unpaid Minimum Wages | $346,830 |
| Reporting Time Pay | $796,256 |
| Cal. Lab. Code § 210 Penalties | $1,205,450 |
| Cal. Lab. Code § 558 Penalties | $484,050 |
| Waiting Time Penalties | $903,906 |
| Wage Statement Penalties | $484,050 |
| *Subtotal:* | *$5,887,496* |
| Attorneys' Fees: | $1,471,874 |
| **TOTAL:** | **$7,359,370** |

42.     <u>Amount in Controversy for Remaining Claims</u>.     The amount in
controversy exceeds the $5,000,000 CAFA threshold, without taking into account
Plaintiffs' additional claims for unpaid minimum wages, regular wages, and unfair
business practices. Even though Defendant has not assigned any particular amount
to that cause of action, assignment of any sum only further increases the amount in
controversy beyond $5,000,000.

43.     Accordingly, removal of this action is proper under CAFA.

## **NOTICE OF INTERESTED PARTIES**

44.     Pursuant to Local Rule 7.1-1, Defendant is filing a Notice of Interested
Parties concurrently with this Notice of Removal.

## **NOTICE**

45.     As required by 28 U.S.C. § 1446(d), Defendant is providing written
notice of the filing of this Notice of Removal to Plaintiffs and is filing a copy of this

Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

Respectfully submitted,

Dated:  April 11, 2022

**BAKER & HOSTETLER LLP**

By:  _/s/ Nicholas D. Poper_
     Michael S. Chamberlin
     Nicholas D. Poper
     Vivian Y. Shen

_Attorneys for Defendant_
SENTINEL TRANSPORTATION, LLC

DEFENDANT SENTINEL TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## PROOF OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On April 11, 2022, I served a copy of the within document(s):

**DEFENDANT SENTINEL TRANSPORTATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Federal Express**, and causing the envelope to be delivered to an agent for delivery on the next business day.

☐ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Larry W. Lee, Esq.
Kristen M. Agnew, Esq.
Nicholas Rosenthal, Esq.
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Tel:  213.488.6555
Fax:  213.488.6554
*Email:       lwlee@diversitylaw.com;*
         *kagnew@diversitylaw.com;*
         *nrosenthal@diversitylaw.com*

William L. Marder, Esq.
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel:  831.531.4214
Fax:  831.634.0333
*Email: bill@polarislawgroup.com*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on April 11, 2022, at Los Angeles, California.

*/s/ Hien Tran*
Hien Tran

4892-6013-8011